Case No. 24-3978

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: SUBPOENA OF INTERNET SUBSCRIBERS TO COX COMMUNICATIONS, LLC AND COXCOM LLC

CAPSTONE STUDIOS CORP.

*Petitioner and Appellant,*

*vs.*

COXCOM LLC

*Respondent and Appellee.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII
NO. 1:23-cv-00426 JMS-WRP
THE HONORABLE J. MICHAEL SEABRIGHT

**MOTION OF MOTION PICTURE ASSOCIATION, INC. AND RECORDING INDUSTRY ASSOCIATION OF AMERICA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS *AMICI CURIAE* IN SUPPORT OF NEITHER PARTY**

MUNGER, TOLLES & OLSON LLP

Kelly M. Klaus
kelly.klaus@mto.com
Shannon Aminirad
shannon.aminirad@mto.com
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
(415) 512-4000

Rose Leda Ehler
rose.ehler@mto.com
Oliver L. Brown
oliver.brown@mto.com
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

Attorneys for *Amici Curiae*

## CORPORATE DISCLOSURE STATEMENT

The Motion Picture Association, Inc. ("MPA") is a not-for-profit trade association. The MPA's members are Amazon Studios LLC, Netflix Studios, LLC, Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Universal City Studios LLC, Walt Disney Studios Motion Pictures, and Warner Bros. Entertainment Inc. The MPA does not have any parent companies, and no publicly held company owns 10% or more of the MPA.

The Recording Industry Association of America ("RIAA") is a nonprofit corporation that does not have a parent corporation, is not owned in any part by a publicly held corporation, and is not a government entity.

## MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), amici curiae Motion Picture Association, Inc. ("MPA") and Recording Industry of America ("RIAA") (collectively, "Amici") respectfully move this Court for leave to participate in oral argument and to enlarge the time for argument. This Court has set argument for Thursday, June 5, 2025, in Honolulu, Hawaii, and allocated 15 minutes per side. Given the issues in this appeal, and Amici's unique perspective on these issues, Amici respectfully request that the Court would benefit from an additional 10 minutes of argument: 15 minutes allocated to Petitioner, 15 minutes allocated to Respondent, and 10 minutes allocated to Amici.

Counsel for Amici have conferred with party counsel, seeking consent to participate in oral argument. Petitioner does not oppose Amici's request. Respondent takes no position on Amici's request for leave to participate in oral argument. Respondent opposes Amici's request to extend argument time by 10 minutes and to allocate that time to Amici; Respondent contends the Court should allocate any of Amici's argument time from Petitioner's allotted 15 minutes.

## ARGUMENT

Amici MPA and RIAA respectfully request that the Court grant leave for their counsel to participate in oral argument. Amici are trade organizations representing the motion picture and recorded music industries. Their members'

1

businesses depend upon the protection and enforcement mechanisms afforded by the Copyright Act, including the Digital Millenium Copyright Act ("DMCA"). Amici thus have a strong interest in the proper application of the DMCA, as well as unique expertise in how the statute's "safe harbor" provisions apply. MPA and RIAA submitted an amicus brief in support of neither party, *see* ECF No. 17, and now request the Court grant leave to participate at oral argument.

Amici believe that their participation at oral argument would assist the Court. This appeal presents an important and novel question, not yet considered by this Circuit, concerning the interpretation of certain provisions of the DMCA. Amici know the interplay of sections 512(a) and section 512(d), how these provisions map onto various types of technology, and the practical implications of the potential positions advocated by the parties.

Amici bring a deep understanding of the DMCA to this appellate proceeding. Amici MPA and RIAA participated in legislative discussions preceding and resulting in the final, enacted version of the DMCA. In the decades since then, Amici have utilized the protections of section 512(h) to protect their motion picture, television program, and sound recording copyrighted works. Online piracy is a critical threat to Amici's members' businesses, and the broader economy they support. MPA and RIAA invest substantial resources to combat online piracy, including through the use of section 512(h) subpoenas. Because

Case: 24-3978, 04/15/2025, DktEntry: 47.1, Page 5 of 9

infringers hide under aliases and behind proxies, section 512(h) subpoenas are a key tool to combat online infringement and protect the legitimate creative industries.

Amici also offer a perspective not offered by either party's proposed broad rulings. MPA and RIAA filed their amicus brief in support of neither party, arguing that the district court went well beyond what the record supported by opining on the outer bounds of section 512(d). ECF No. 17.1 at 13. Amici intend to use their time to advocate for reversal or a narrow ruling, preventing unintended consequences for subpoenas and issues not before this Court that could have unintended consequences on the carefully-crafted compromise reflected in the DMCA.

Amici's request is not unusual or unprecedented. This Court has previously granted leave for amicus RIAA's members to participate in oral argument to bring additional expertise to bear on issues of the DMCA and copyright law. *See, e.g.*, *Ellison v. Robertson*, No. 02-55797 (9th Cir. Feb. 25, 2003), ECF No. 41 (granting motion for RIAA members to participate in oral argument as amicus); *see also Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004). And the Court has generally permitted amici to argue where the case presents new and important issues and the amicus brings a unique perspective or special expertise. *See Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, No. 22-16552 (9th Cir. Sept.

3

29, 2023), ECF No. 40 (granting motion for Constitutional Accountability Center to participate in oral argument as amicus); *Leuthauser v. United States*, No. 22-15402 (9th Cir. Nov. 2, 2022), ECF No. 48 (granting motion for Institute of Justice to participate in oral argument as amicus); *Kilgore v. Keybank Nat'l Ass'n*, No. 09-16703 (9th Cir. Nov. 30, 2012), ECF No. 163 (granting motion for U.S. Chamber of Commerce to participate in oral argument as amicus); *United States v. Cotterman*, No. 09-10139 (9th Cir. May 23, 2012), ECF No. 78 (granting motion for the Constitution Project to participate in oral argument as amicus). The Court should do the same here.

The Court should further grant Amici's request to extend oral argument time by 10 minutes and to allocate that time to Amici. While Respondent takes no position on Amici's request to participate in oral argument, it opposes this aspect of Amici's request. Respondent contends that if Amici are granted to leave to participate, the Court should allocate Petitioner's time to Amici on the grounds that (1) this Court decided 15 minutes from each side was sufficient to evaluate the issues in the case and (2) Respondent would have to respond to any arguments from Amici in its 15 minutes of allotted time. Amici, however, filed their brief in support of neither party. It would not be fair to Petitioner to allocate that party's time to Amici, when Petitioner has its own interests and view of the merits. Amici

4

respectfully seek to offer assistance to the Court on this important issue, which has arisen in an odd procedural posture.

## CONCLUSION

For the foregoing reasons, Amici MPA and RIAA respectfully request that the Court extend the time for argument by 10 minutes, grant Amici MPA and RIAA leave to participate in oral argument, and allocate Amici 10 minutes of argument time.

DATED: April 15, 2025      MUNGER, TOLLES & OLSON LLP

By:     */s/ Rose Leda Ehler*
         Rose Leda Ehler

Attorneys for *Amici Curiae*

## **CERTIFICATE OF COMPLIANCE**

This motion contains 986 words, including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The motion's type size and typeface comply with FRAP 32(a)(5) and (6). I certify that this brief complies with the word limit of FRAP 27(d)(2)(A).

DATED: April 15, 2025                MUNGER, TOLLES & OLSON LLP


By:  */s/ Rose Leda Ehler*
     Rose Leda Ehler

Attorneys for *Amici Curiae*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)**: 24-3978

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Charles Muszynski
P.O. Box 1423
Basseterre
St. Kitts & Nevis, W.I.

**Description of Document(s)** *(required for all documents)*:

MOTION OF MOTION PICTURE ASSOCIATION, INC. AND RECORDING INDUSTRY ASSOCIATION OF AMERICA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS AMICI CURIAE IN SUPPORT OF NEITHER PARTY

**Signature**: s/ Rose Leda Ehler   **Date**: 04/15/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 15                                                                 Rev. 12/01/2018