No. 24-3978

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: SUBPOENA OF INTERNET SUBSCRIBERS OF COX COMMUNICATIONS, LLC AND COXCOM, LLC

CAPSTONE STUDIOS CORP.,

    Petitioner-Appellant,

MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC,

    Petitioners,

    v.

COXCOM LLC,

    Respondent-Appellee.

**COXCOM LLC'S RESPONSE TO MOTION OF THE MOTION PICTURE ASSOCIATION, INC. AND RECORDING INDUSTRY OF AMERICA FOR LEAVE TO PARTICIPATE IN ARGUMENT AS *AMICI CURIAE* IN SUPPORT OF NEITHER PARTY**

Amici curiae The Motion Picture Association, Inc. and The Recording Industry Association of America ("Amici") ask the Court to (1) allow Amici to participate in argument, and (2) grant Amici ten

1

additional minutes of argument time, in addition to the 15 minutes allotted to each party. *See* Dkt. 47.1. Respondent-Appellee CoxCom LLC takes no position on the first request, but respectfully opposes the second.

As Cox's Answering Brief explained, this case turns entirely on a straightforward question of statutory interpretation that two circuits, the district court, and now the parties have addressed at length. Dkt. 31.1 at 1. In their brief, Amici agree that this "one question" should decide this case; "take no position" on that question or "the district court's decision" applying its statutory interpretation to "admissible record evidence," *id.* at 4 n.2; and urge decision on these "narrow[] grounds," *id.* at 1. It is therefore hard to see what Amici would add to oral argument. Nevertheless, Cox defers to the Court on whether Amici's participation would assist its consideration of the appeal.

Cox respectfully opposes the request to expand oral argument time by ten minutes and to allocate that time to Amici. This Court has already determined that 30 minutes of argument time is sufficient to evaluate the issues that will dispose of the appeal. If Amici intend to raise additional points—for example, "how [DMCA safe harbor]

2

provisions map onto various types of technology," Dkt. 47.1 at 2—it will be Cox, and not Petitioner-Appellant, that will have to use argument time to address those points. Yet Amici's proposal would give Cox 15 minutes to respond to both Petitioner-Appellant's 15 minutes of argument and Amici's ten minutes of additional argument. This proposal is neither pragmatic nor fair.

If the Court grants Amici's motion for leave to participate in argument, any argument time allocated to Amici should come out of Petitioner-Appellants' argument time to ensure Cox has fair opportunity to respond to both parties' critiques of the district court. For the same reason, if this Court grants Amici's motion in full, Cox respectfully requests that the Court grant Cox an additional ten minutes of argument time to address Petitioner-Appellant's and Amici's combined 25 minutes of argument.

3

April 23, 2025

Abigail Colella
ORRICK, HERRINGTON &
　SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037

Rachael Jensen
ORRICK, HERRINGTON &
　SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX  78701

Respectfully submitted,

*/s/ Christopher J. Cariello*
Christopher J. Cariello
ORRICK, HERRINGTON &
　SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
(212) 506-5000

Jennifer Golinveaux
Thomas J. Kearney
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111

*Counsel for Respondent-Appellee CoxCom LLC*

4